611 A.2d 721

Richard COOPERSTEIN, Executor of the Estate of Elsie Cooperstein, Deceased, and Ruth A. Gorneau, Administratrix of the Estate of Anne Nathan, Deceased, Appellants,

v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY and Jack Cooperstein.

Superior Court of Pennsylvania.

Argued March 19, 1992.

Filed June 18, 1992.

Lawrence S. Rosenwald, Philadelphia, for appellants.

L. Rostaing Tharaud, Philadelphia, for appellees.

Before CAVANAUGH, OLSZEWSKI and BECK, JJ.

BECK, Judge:

This is an appeal from an order granting appellees' motion for summary judgment. Upon review of the record, oral argument and briefs, we find that the trial court did not err. We affirm.

The facts found by the trial court are as follows:

[Appellants] are Richard Cooperstein, Executor of the Estate of Elsie Cooperstein and Ruth Gorneau, Administratrix of the Estate of Anne Nathan. [Appellees] are Liberty Mutual Fire Insurance Company and Jack Cooperstein.

On October 18, 1985, Jack Cooperstein negligently operated his automobile, resulting in a collision with an automobile operated by Ernest Powell. Elsie Cooperstein, Jack Cooperstein's wife, and Anne Nathan, his sister-in-law, died as a result of injuries sustained in this collision. At the time of the collision, Jack Cooperstein was insured by Liberty Mutual with a policy insuring three automobiles.

[Appellee], Liberty Mutual Fire Insurance Company, paid $50,000.00 to Mr. and Mrs. Powell for injuries they sustained in this collision and paid $25,000.00 to the Estate of Elsie Cooperstein and $25,000.00 to the Estate of Anne Nathan. All payments were made pursuant to the liability provision of [appellee] Cooperstein's policy.

Appellants have asserted a claim pursuant to the underinsured motorist provisions of Jack Cooperstein's policy, while [appellee], Liberty Mutual Fire Insurance Company, has refused to tender any sums to either [appellant] under the underinsured motorist claims.

Appellants instituted the instant declaratory judgment action on October 16, 1987, seeking to supplement their liability recovery with underinsured recovery from the same policy. Subsequently, counsel filed cross-motions for summary judgment. On June 11, 1991, the trial court granted appellees' motion for summary judgment and denied appellants' motion. Appellants then filed this timely appeal.

Jack Cooperstein's policy contains the following relevant provisions:

UNINSURED/UNDERINSURED MOTORIST COVERAGE—PENNSYLVANIA INSURING AGREEMENT

In addition, 'neither uninsured motor vehicle' nor 'underinsured motor vehicle' includes any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any family member.

. . . .

LIMIT OF LIABILITY

Any amounts otherwise payable for damages which the covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury caused by an accident, shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

On appeal, appellants raise the following challenges:

1) The trial court erred in holding that appellants are not entitled to coverage due to the existence of a "family car exclusion" on the policy, where the language of such policy creates an affirmative right to recovery under both the liability and underinsurance provisions of the policy, and when the presence of such exclusion creates an ambiguity in the policy which should have been resolved in favor of the plaintiff so that the exclusion must be invalidated on these grounds or because the exclusion is void against public policy.

2) If appellants are entitled to underinsurance coverage, as a class one insured and a third party beneficiary under the policy, are they entitled to treat appellee's policy as

three separate policies and stack the coverage to afford $300,000.00 in coverage under such policies to appellants. 3) If appellants are entitled to stack the underinsurance coverage, is appellee entitled to a setoff for liability payments and what, if any, is the amount of such setoff.

 When summary judgment has been granted, the standard of review is as follows: an order granting summary judgment will not be reversed unless the trial court has committed an error of law or clearly abused its discretion. *West Penn Power Co. v. Piatt,* 405 Pa.Super. 467, 592 A.2d 1306 (1991). Summary judgment is to be entered only in those cases that are clear and free from doubt, where the uncontroverted allegations of the pleadings and the other permissible material filed in support of and in opposition to the motion reveal that there is no genuine issue as to a material fact and that the movant is entitled to judgment as a matter of law. *Krause v. Great Lakes Holding, Inc.,* 387 Pa.Super. 56, 563 A.2d 1182 (1989). In the case *sub judice,* the facts are undisputed and the legal question is whether the trial court erred in granting appellees' motion for summary judgment.

Appellants argue that the Estates of Elsie Cooperstein and Anne Nathan are entitled to underinsured motorist coverage because the language of Jack Cooperstein's policy creates an affirmative right for all insureds to recover under both the liability and underinsured motorists provisions of the policy, even with the existence of a "family exclusion" in the policy. We disagree. The trial court correctly determined that neither estate is entitled to underinsurance benefits under appellees' insurance policy.

 It is well established in Pennsylvania that an injured plaintiff (or her estate) is precluded from recovering under the liability and underinsurance motorist coverages of the same motor vehicle insurance policy. *Sturkie v. Erie Insurance Group,* 407 Pa.Super. 117, 595 A.2d 152 (1991); *see also Newkirk v. United Services Automobile Association,* 388 Pa.Super. 54, 564 A.2d 1263 (1989), *appeal denied,* 528

Pa. 624, 597 A.2d 1153 (1990); *Wolgemuth v. Harleysville Mutual Insurance*, 370 Pa.Super. 51, 535 A.2d 1145 (1988) (*en banc*), *appeal denied*, 520 Pa. 590, 551 A.2d 216 (1988). Even where the policy does not explicitly preclude such a recovery, a claimant cannot recover third party liability benefits and underinsured motorist coverage from the same policy. *Sturkie, supra.*

The public policy behind this preclusion is well articulated in *Wolgemuth, supra:*

> The language of the statute itself suggests that underinsurance motorist coverage requires the existence of at least *two* applicable policies of motor vehicle insurance. *See* 75 Pa.C.S. § 1731(c). An underinsured motor vehicle must, by definition, be an insured vehicle. Thus the statute contemplates one policy applicable to the vehicle which is at fault in causing the injury to the claimant and which is the source of liability coverage (which is ultimately insufficient to fully compensate the victim), and a *second* policy, under which the injured claimant is either an insured or a covered person. It is the *second* policy which the statute contemplates as the source of underinsured motorist coverage, where the liability coverage provided by the first policy of insurance is insufficient to fully compensate the claimant for his injuries.

370 Pa.Super. at 58, 535 A.2d at 1149 (emphasis in original).

 With this analysis in mind, we address whether the Estate of Anne Nathan is entitled to recover underinsurance benefits under the policy at issue. Like the injured passenger in *Wolgemuth, supra*, Anne Nathan was a guest passenger, a passenger with no contractual relationship with the insurer, who had paid no premiums for such coverage and who had no reasonable expectation as to coverage under a policy issued to Jack Cooperstein. In declining to permit both underinsurance and liability coverage under a single insurance policy, *Wolgemuth* left open the possibility that "an insured, as that term is defined by the Motor Vehicle Financial Responsibility Law ["MVFRL"], could, under certain circumstances, recover

under both the liability and underinsured motorist provisions of a single policy." 370 Pa.Super. at 58, 535 A.2d at 1149. Anne Nathan is clearly not an "insured" under the MVFRL which defines "insured" as "any of the following":

(1) An individual identified by name as an insured in a policy of motor vehicle liability insurance;

(2) If residing in the household of the named insured:

(i) a spouse or other relative of the named insured; or

(ii) a minor in the custody of the named insured or relative of the named insured.

75 Pa.C.S. § 1702.

Under *Wolgemuth*, therefore, the Estate of Anne Nathan is not entitled to recover both liability and underinsurance benefits under Jack Cooperstein's policy.

■ With regard to the ability of the Estate of Elsie Cooperstein to recover underinsurance benefits and liability benefits under a single policy, we turn to the case of *Newkirk, supra.* Any doubt that the public policy governing second class beneficiaries such as Anne Nathan also governs first party beneficiaries such as Elsie Cooperstein was eliminated by this court in *Newkirk.* In that case, a panel of our court addressed a fact pattern similar to the one at hand. The injured passenger was the wife of the owner and operator of the vehicle in which she suffered the injuries for which underinsurance coverage was sought. That case also involved a declaratory judgment action, in which the plaintiff claimed a right to recover under both the liability and underinsured benefits provisions of a single motor vehicle insurance policy which had been issued to her husband. The policy in question included a provision that any vehicle owned by or furnished or available for the regular use of a family member could not be considered an underinsured motor vehicle. The court held that such a policy provision precluded recovery under both policy coverages sought by the plaintiff.

As in *Wolgemuth*, the *Newkirk* court emphasized the legislative intent behind the underinsurance motor vehicle

coverage provisions of the MVFRL: the legislature did not intend for an individual to recover third party liability benefits and first party underinsurance motorist benefits from the same automobile insurance policy:

Our legislature enacted underinsured motorist coverage to resolve the inequities which resulted when only uninsured motorist coverage was mandatory and a claimant who had purchased uninsured motorist coverage was involved in a car accident with an underinsured motorist rather than an uninsured motorist. Our legislature thus intended underinsured motorist coverage to operate in the same manner as uninsured motorist coverage only for motorists who were injured by underinsured motorists.

388 Pa.Super. at 63–64, 564 A.2d at 1267–68.

The public policy concerns articulated in *Wolgemuth* and *Newkirk* determined the outcome of *Caldararo v. Keystone Insurance Policy*, 393 Pa.Super. 103, 573 A.2d 1108 (1990), *appeal denied*, 525 Pa. 640, 581 A.2d 567 (1990), wherein a family exclusion clause identical to that in the instant matter barred recovery of underinsured motorist benefits by an insured who was injured while he was a passenger in a car he owned that was being driven by his wife. These policy concerns are also highlighted in *Sturkie, supra,* where the plaintiff was precluded from recovery of underinsurance benefits from the policy of the driver of a second car under which he had recovered liability benefits, even in the absence of a family exclusion.

The above public policy concerns apply with equal force to the determination of the entitlement of the Estate of Elsie Cooperstein to underinsurance benefits under Jack Cooperstein's policy. As the Estate has already recovered liability benefits, it cannot also recover underinsurance benefits under Jack Cooperstein's policy. *Newkirk, supra.*

Appellants make several arguments challenging the trial court's conclusion that they are not entitled to underinsurance coverage under Jack Cooperstein's policy. First, appellants attempt to distinguish the facts of this case from those of *Wolgemuth* and *Newkirk*. They argue that unlike

the single policies involved in *Wolgemuth* and *Newkirk*, the Cooperstein policy is a multiple-vehicle policy and should be considered as three separate policies. We decline to find that this single policy should be considered several separate policies. Appellee Jack Cooperstein purchased one automobile insurance policy from appellee Liberty Mutual. This policy insures three vehicles. Appellants have offered no reason to interpret the policy as three separate policies, nor have they indicated caselaw which supports their contention. As such, we find this argument to be without merit.

Second, appellants argue that the family car exclusion found in Jack Cooperstein's policy is void as against public policy pursuant to this court's decision in *Marroquin v. Mutual Benefit Insurance*, 404 Pa.Super. 444, 591 A.2d 290 (1991).

*Marroquin* involved a situation where the plaintiff was struck by a vehicle owned and operated by his brother who carried an insurance policy in his name on that vehicle. At the time, both brothers resided with their parents, who had separate policy coverage with the same carrier on two vehicles. The parents' coverage provided liability coverage for family members. The insurer denied a claim by the plaintiff for underinsurance benefits under the parents' policy after he recovered under the liability coverage of his brother's policy. The court held that the family car exclusion in the underinsured motorist policy was void as against public policy and therefore the resident family member was eligible to receive underinsurance benefits where the tortfeasor was another resident family member covered by his own policy of liability insurance.

As *Marroquin* involved two separate insurance policies, it is entirely distinguishable from the case at hand. We do not need to decide whether *Marroquin* has the effect of voiding the family car exclusion in Jack Cooperstein's policy, because even if *Marroquin* required us to find that the family car exclusion in our case is void, the Estate of Elsie Cooperstein would be precluded from recovery for both underinsurance and liability under the same policy, see

*Wolgemuth* and *Newkirk, supra.* A panel of this court in *Sturkie, supra,* declined to allow both underinsurance and liability recovery under a single policy which did not even contain a family car exclusion. The only effect of *Marroquin* on the case at hand is that it reaffirms the principal that more than one policy of insurance is necessary for recovery of underinsured motorists benefits. It does not affect our determination based on *Wolgemuth* and *Newkirk* that appellants are not entitled to both liability and underinsurance benefits based on a single insurance policy.

Finally, appellants contend that unlike the insurance policies involved in *Wolgemuth, Newkirk* and *Sturkie, supra,* Jack Cooperstein's policy creates an affirmative right to recovery under both the liability and underinsurance provisions of its policy. The affirmative right, they argue, when viewed in the context of the entire policy, creates an ambiguity as to the family car exclusion which must be resolved in favor of appellants. We disagree.

Appellants point to the following provision which they claim creates an affirmative right to recover both underinsurance and liability benefits:

LIMIT OF LIABILITY

Any amounts otherwise payable for damages which the covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury caused by an accident, shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

Our reading of the policy does not indicate that any affirmative right to recover both underinsurance and liability coverage is created by this provision. The subject of this section, as indicated by the title, is the limits of recovery available to a person who has been determined to be cov-

ered by the insuring agreement. Nowhere does the section or any part of it purport to establish any entitlement or right to coverage, a function restricted by the INSURING AGREEMENT section. Indeed, the language and substance of the LIMIT OF LIABILITY section presuppose familiarity with and understanding of the definitions and concepts of the previous sections of the schedule.

The clear import of both the language and substance of these paragraphs is to reduce potential recovery of benefits, not to create a new right to recovery or otherwise expand coverage. Moreover, the clauses presuppose that coverage has already been determined. They obviously cannot limit or set off "coverage" that has already been excluded, such as through the family exclusion.

The language of this policy does not clearly create a right to recover underinsurance benefits as well as liability benefits under Jack Cooperstein's policy. A reading of this paragraph in the context of this entire policy does not affect our earlier determination that appellants are not entitled to underinsurance coverage under Jack Cooperstein's policy. As no affirmative right to recovery has been created by the language of this policy, we have the same situation as in *Sturkie, supra*, wherein an insurance policy which did not explicitly address whether a claimant could recover under both the liability and underinsurance coverage provisions of the same policy was found not to entitle the injured plaintiff to recover both underinsurance and liability benefits under a single policy. As in *Wolgemuth* and *Newkirk*, the *Sturkie* court based its decision primarily on the legislative intent behind the enactment of the underinsured motor vehicle coverage provisions of the MVFRL.

As appellants are not entitled to underinsurance coverage under Jack Cooperstein's policy, we need not address appellants' remaining contentions which are premised upon our finding that appellants are entitled to underinsurance coverage.

Finding appellants' challenges to be without merit, we affirm the order of the trial court.

Order affirmed.