634 A.2d 1139

**Melissa L. MANEY, In Her Own Individual Right and Melissa L. Maney, Administratrix of the Estate of Carl L. Miller, Deceased, Appellants,**

**v.**

**Richard D. LLOYD and State Auto Insurance Companies,**

**v.**

**PROGRESSIVE INSURANCE COMPANY, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1993.

Filed Nov. 24, 1993.

Joseph Colavecchi, Clearfield, for appellants.

Robert A. Loch, Pittsburgh, for Lloyd & State Auto Ins., appellees.

Before KELLY, POPOVICH and BROSKY, JJ.

POPOVICH, Judge.

We are asked to review the February 22, 1993, order of the Court of Common Pleas of Clearfield County granting a Motion for Partial Summary Judgment against the plaintiffs/appellants, Melissa L. Maney, in her own individual

rights, and Melissa L. Maney, Administratrix of the Estate of Carl L. Miller, Deceased. We affirm.

The facts of record are not in dispute and indicate that on or about August 12, 1990, Carl L. Miller died as a result of a motor vehicle accident in which he was a passenger. The vehicle in which he rode was driven by Richard D. Lloyd, owned by Richard's brother, John P. Lloyd, III and insured by Progressive Insurance Company. Both Lloyds lived with their mother and stepfather, Jeffrey Shimmel.

Progressive Insurance Company offered their policy liability limits ($25,000.00) to the plaintiffs as partial payment of the damages sought under suit filed against Richard D. Lloyd at No. 91–2117–CD. The plaintiffs, in turn, accepted Progressive's offer and signed a release insulating the insurer from any further liability as to the plaintiffs. Thereafter, demand was made by the plaintiffs upon State Auto Insurance Companies, as the insurer for Richard D. Lloyd's stepfather's vehicle, for its $100,000.00 automobile insurance liability limits. In a letter response, State Auto took the position that, under a liability exclusion clause of its policy with Shimmel, it owed no duty to defend or indemnify Richard D. Lloyd. To resolve the matter, the plaintiffs filed an Action For Declaratory Judgment claiming that Shimmel had an automobile liability insurance policy considered to be "excess coverage and ... available for damages in the legal action filed against Richard D. Lloyd since Richard D. Lloyd was a member of the household of Jeffrey Shimmel and [wa]s a covered insured under the ... insurance policy."

In an Answer and New Matter, State Auto averred that its policy with Jeffrey Shimmel contained a clause which rendered it immune from liability; it provided as follows:

EXCLUSIONS

&ast; &ast; &ast; &ast; &ast; &ast;

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. ...

2. Any vehicle, other than "your covered auto," which is:

a. owned by you; or

b. furnished or available for your regular use.

3. Any vehicle, other than "your covered auto," which is:

a. owned by any "family member," or

b. furnished or available for the regular use of any "family member."

In Reply to New Matter, the plaintiffs asserted that State Auto's policy represented "residual liability coverage" required under Pennsylvania's Motor Vehicle Financial Responsibility Law, and to allow State Auto to deny coverage under its exclusionary clause would be "in conflict with the liability coverage required by the Pennsylvania Motor Vehicle Insurance Law...."

At the close of the pleadings, but prior to listing the case at issue, State Auto filed a Motion For Partial Summary Judgment in which it reiterated its immunity pursuant to Exclusion B.3. of the liability portion of Shimmel's policy, a clause which it believed was not violative of public policy. The court agreed and entered an order granting the appellee/insurer's Motion. The appellants filed the present appeal.

> When summary judgment has been granted, the standard of review is as follows: an order granting summary judgment will not be reversed unless the trial court has committed an error of law or clearly abused its discretion. Summary judgment is to be entered only in those cases that are clear and free from doubt, where the uncontroverted allegations of the pleadings and the other permissible material filed in support of and in opposition to the motion to reveal that there is no genuine issue as to a material fact and that the movant is entitled to judgment as a matter of law.

*Cooperstein v. Liberty Mutual Fire Insurance Co.*, 416 Pa.Super. 488, 611 A.2d 721, 723 (1992) (Citations omitted).

It is the appellants' contention that, *inter alia*, the "family car exclusion" is violative of public policy and the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1701 *et seq.*

The general rule in Pennsylvania regarding family car exclusions is that such provisions are invalid as against the policy of the ... MVFRL.... Allowing the family car exclusion to bar coverage in cases where a plaintiff is attempting to convert underinsured coverage into liability coverage constitutes a limited exception to the general rule.

The MVFRL defines an underinsured motor vehicle as "A motor vehicle for which the limits of available liability insurance and self-insurance are insufficient to pay losses and damages." 75 Pa.C.S. § 1702. The underlying policy of the MVFRL is to "provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles." 75 Pa.C.S. § 1731(c). The MVFRL is to be liberally construed. 1 Pa.C.S. § 1928(c) (Purdon 1992). Rather, we must be guided in our interpretation of the MVFRL by the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.* (Purdon 1992). Our objective in interpreting the MVFRL is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a) (Purdon 1992).

*Sherwood v. Bankers Standard Insurance Co.,* 424 Pa.Super. 13, 621 A.2d 1015, 1017 (1993) (Citation omitted).

 It is beyond cavil in this Commonwealth that an injured plaintiff (or his estate) is foreclosed from recouping under the liability and underinsurance motorist coverages of the same motor vehicle insurance policy. See *Cooperstein,* supra, 416 Pa.Super. at 491–93, 611 A.2d at 723–24 (Citations omitted). This is so even where a policy does not preclude such a recovery and a claimant may not recover third party liability benefits and underinsured motorist coverage from the same policy. *Sturkie v. Erie Insurance Group,* 407 Pa.Super. 117, 595 A.2d 152 (1991).

 The impetus behind this public policy preclusion was articulated by this Court in *Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa.Super. 51, 535 A.2d 1145 (1988) (en banc), *appeal denied,* 520 Pa. 590, 551 A.2d 216 (1988); to-wit:

The legislature, in establishing $15,000/$30,000 as the minimum permissible liability coverage, unquestionably realized that in many instances an accident victim would be insufficiently compensated by the tortfeasor even though the tortfeasor was insured. But the legislature, with the passage of the Motor Vehicle Financial Responsibility Law, did ensure that every insured individual who is injured by a negligent, underinsured motorist, will have recourse to at least $15,000 of underinsured motorist benefits either (1) pursuant to the policy of insurance applicable to the vehicle in which the individual was a passenger (if the vehicle was not at fault), *or (2) pursuant to a policy of insurance under which the injured claimant is an insured* [4] *person.*

The purpose of underinsured motorist coverage is to protect the insured (and his additional insureds) from the risk that a negligent driver of another vehicle will cause injury to the insured (or his additional insureds) and will have inadequate liability coverage to compensate for the injuries caused by his negligence. Thus, an insured who purchases $100,000.00 of liability coverage to protect others from *his* negligence, must, by law, be offered the option of purchasing up to $100,000.00 of underinsured motorist coverage to protect himself and his additional insureds from the risk that they will be severely injured by a negligent driver who has liability coverage in an amount insufficient to fully compensate them for their injuries.

The language of the statute itself suggests that underinsurance motorist coverage requires the existence of at least *two applicable* policies of motor vehicle insurance. *See* 75 Pa.C.S. § 1731(c). An underinsured motor vehicle, must, by definition, be an insured vehicle. *Thus, the statute contemplates one policy applicable to the vehicle which is at fault in causing the injury to the claimant and which is the source of liability coverage (which is ultimately insufficient to fully compensate the victim), and a second policy, under which the injured claimant is either an insured or a covered person. It is the second policy which the statute contemplates as the source of underinsured motorist cover-*

*age, which the liability coverage provided by the first policy of insurance is insufficient to fully compensate the claimant for his injuries.*

---

4. The Motor Vehicle Financial Responsibility Law defines "insured" as "[a]ny of the following:

370 Pa.Super. at 57–58 & n. 4, 535 A.2d at 1148–1149 & n. 4 (Emphasis added in part).

█ With the preceding in mind, and under a scenario which has yet to be confronted by an appellate court of this Commonwealth, we address whether the Estate of Carl L. Miller is entitled to recover benefits labelled "residual liability" benefits under the policy of Jeffrey Shimmel, the stepfather of the driver Richard D. Lloyd, notwithstanding the estate's recovery of the limits of *liability* coverage ($25,000.00) under a separate policy of insurance carried by the owner (John P. Lloyd, III) of the vehicle in which the decedent was fatally injured.

We find the case of *Steinbacher v. Page,* 410 Pa.Super. 586, 600 A.2d 608 (1991), to be instructive in that this Court refused to find *liability* coverage under a policy which did not list the injury-causing vehicle by the owner/policyholder when he authorized his son to operate the non-covered vehicle which struck the plaintiff/Steinbacher.

The plaintiff brought suit against the owner/father for negligent entrustment and the driver/son for negligent operation of the striking vehicle. Further, the plaintiff sought a declaratory judgment that the owner/father's insured was obligated to provide coverage. In resolving the dispute against the plaintiff, we began with the observation that:

> Whether a loss is within policy coverage is an issue of law, which may be decided on motion for summary judgment. In making this determination, we examine and resolve the intent of the parties as expressed in the insurance contract. Where the policy provisions are unambiguous, the courts must give effect to the language used.

410 Pa.Super. at 588, 600 A.2d at 609 (Citations omitted). We then examined a policy in which the declaration sheet did not

list the vehicle involved in the accident. Moreover, the policy contained an exclusion for *liability* coverage; namely:

> For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by you or furnished or available for your regular use.

*Id.* at 589, 600 A.2d at 610. Additionally, the policy contained another exclusion (# 11) which referred to vehicles owned by or furnished or available for the regular use of a family member. As this exclusion was read, it had no application to the driver/son to allow for *liability* coverage because it was not a covered vehicle and did not become a covered vehicle merely because it was used by a family member. *Id.*

Consequently, we concluded the striking vehicle was neither owned by the named insured/father nor was it a covered automobile. Thus, no *liability* coverage was afforded with respect to a cause of action by a third person/plaintiff/Steinbacher arising out of the use of the striking vehicle.

As in *Steinbacher*, the plaintiff here is seeking *liability* coverage arising out of an accident involving an automobile being driven by a family member who neither owned the vehicle nor was it a "covered automobile" under the policy of insurance claimed to afford coverage to a third person arising out of its use. In fact, Shimmel had listed two other vehicles as "covered vehicles" on the declaration sheet of the policy providing for $100,000.00 of liability coverage, but he specifically "rejected" uninsured/underinsured coverage.

Accordingly, because Shimmel's policy provides liability coverage only for those "covered autos" identified as insured vehicles, of which his son's (John P. Lloyd, III's) was not among the two listed on the declaration sheet, it renders the vehicle involved in the accident outside the scope of coverage. *Id.*

This is consistent with what we stated in *Wolgemuth;* to-wit:

> [T]he legislature, with the passage of the Motor Vehicle Financial Responsibility Law, did ensure that every injured individual who is injured by a negligent, underinsured mo-

torist, will have recourse to at least $15,000 of underinsured motorist benefits either (1) pursuant to the policy of insurance applicable to the vehicle in which the individual was a passenger (if the vehicle was not at fault), or (2) *pursuant to a policy of insurance under which the injured claimant is an insured person.*

*Id.*, 370 Pa.Super. 54, 535 A.2d at 1148 (Emphasis added; footnote omitted).

Consistent with the statement of limitation expressed by this Court in *Wolgemuth,* read in conjunction with the remarks made reference to in *Steinbacher,* we find that the exclusionary clause in Shimmel's policy forecloses the plaintiffs from recovering any monies under the liability provisions given that the vehicle in which the plaintiff's decedent was riding falls outside the scope of coverage.[1]

Order affirmed.

---

1. With the disposition of the plaintiffs' initial claim against their interest, we see no need to respond to the other allegations proffered. Especially is this true with the third allegation raised: the plaintiffs seek entitlement to at least the minimum of $15,000.00 coverage for bodily injury under the MVFRL, given that it is raised for the first time on appeal and not preserved for review. Pa.R.App.P. 302(a).

Additionally, we would note that the appellants' claim that the policy of insurance carried by Shimmel defined "you" and "your" to include: "The spouse [of the 'named insured'] *or* resident of the same household." See Appellants' Brief at 7; Appellants' Action For Declaratory Judgment, Paragraph 16. This is erroneous., A copy of the policy in question (at Exhibit # 1, page 4 attached to the Appellants' Declaratory Judgment) defines "you" and "your" as: "1. The 'named insured' shown in the Declarations [sheet]; and 2. The spouse *if a* [and not 'or'] resident of the same household." (Emphasis and bracketed material added). Thus, we need not respond to the appellants' argument that Richard D. Lloyd was an "insured" under the policy of insurance.