**STATE FARM MUTUAL AUTOMOBILE, INSURANCE COMPANY, Plaintiff,**

v.

**Herbert POWELL, Defendant.**

**Civ. A. No. 94–604.**

United States District Court,
W.D. Pennsylvania.

March 1, 1995.

Summers, Smith & McDonnell, Thomas A. McDonnell, Pittsburgh, PA, for plaintiff.

Dallas W. Hartman, New Castle, PA, for defendant.

### OPINION AND ORDER OF COURT

AMBROSE, District Judge.

Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), has filed this declaratory judgment action seeking a determination on whether it is obligated to stack underinsured motorists coverage under certain policies of automobile insurance issued to Defendant Herbert Powell ("Powell"). Pending before the Court are three motions: Cross–Motions for Judgment on the Pleadings filed by both State Farm and Powell, and a Motion for Partial Summary Judgment filed by Powell. For the following reasons, all three motions will be denied.

On May 11, 1991, Powell sustained personal injuries when he was struck by a vehicle owned by Kenneth Wagner. Mr. Wagner was insured by Nationwide Insurance Companies, and the parties agree that Powell has received the $25,000 liability limit available under the terms of Wagner's policy.

Originally both State Farm and Powell agreed that on the date Powell was injured, he was insured under three separate policies of automobile insurance issued by State Farm which covered three vehicles in Powell's household. Each of these policies provided for underinsured motorist ("UIM") coverage in the amount of $50,000 per person and $100,000 per accident. Both parties also originally agreed that Powell had executed a waiver under each separate policy choosing to reject the stacking of limits of UIM coverage and that each of these three waivers were in effect on the date Powell was injured. These waivers of stacked coverage,

attached to the original Complaint as Exhibits B, C and D, state as follows:

Underinsured coverage limits.

By signing this waiver, I am rejecting stacked limits of Underinsured Motorist Coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of the limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

*Complaint* at Exh. B, C and D.

Because Powell elected to waive stacked coverage under each of the policies, State Farm attached a "non-stacking endorsement" to each of Powell's policies. The relevant language in the endorsements dealing with applicable coverage in the event of an underinsured motorist claim is as follows:

If there is other coverage—coverage W3

1. If the insured sustains bodily injury as a pedestrian and other underinsured motor vehicle coverage applies:

(a) The total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability;

. . .

State Farm argues that the non-stacking waiver executed by Powell as well as the language contained in the non-stacking endorsements precludes Powell from stacking UIM coverage among the three separate insurance policies. Powell, on the other hand, maintains that he did not waive the right to stack coverage among the three separate insurance policies ("inter-policy stacking"), but that he waived only the right to stack coverage of multiple vehicles insured under a single policy of insurance ("intra-policy stacking"). Powell contends that he is therefore entitled to stack UIM coverage under the separate policies in effect at the time he was injured.

The parties agree that this action is governed by the Pennsylvania Motor Vehicle Financial Responsibility Law, as amended by

Act 6, 75 Pa.Cons.Stat.Ann. §§ 1701—1799.7 (1987 and Supp.1994) ("MVFRL"). One of the primary issues in this action involves the interpretation and application of section 1738 of the MVFRL, which governs the stacking of underinsured motorists benefits as well as the waiver of such stacking. That section provides:

(a) **Limit for each vehicle.**—When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limit for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverages available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured. ·

(b) **Waiver.**—Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking of uninsured or underinsured coverages in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

(c) **More than one vehicle.**—Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase coverage as described in subsection (b). The premiums for an insured who exercises such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa. Cons. Stat.Ann. § 1738. Powell contends that the phrase "for more than one vehicle under a policy" in subsection 1738(c) explicitly limits the opportunity to waive stacked coverage to situations where multiple vehicles are insured under a single policy. Because of this limitation, Powell argues, section 1738(c) precludes him from waiving stacked UIM coverage in the present situation, where his three vehicles are insured under multiple policies. Powell further argues that this construction of 1738(c) is consistent with the overall aim of the MVFRL, which is to afford the greatest amount of coverage to the injured claimant. *Sturkie v.*

*Erie Insurance Co.,* 407 Pa.Super. 117, 595 A.2d 152 (1991).

State Farm, on the other hand, argues that when subsection 1738(c) is read in light of the overall language of section 1738, as well as interpreted in light of the legislative intent and public policy considerations behind the Act 6 Amendments to the MVFRL, the waiver provision of § 1738(c) necessarily applies to situations where multiple vehicles are insured under separate policies of insurance issued by the same insurer. We find State Farm's argument more persuasive.

It is a well-settled rule of statutory construction that provisions of a statute are to be read together and construed with reference to the context in which they appear. *Consulting Engineers v. Licensure Board,* 522 Pa. 204, 208, 560 A.2d 1375, 1377 (1989). There can be no doubt that section 1738(a) allows for stacking of UIM coverage whether multiple vehicles are insured under a single policy or under multiple policies. As to section 1738(b), we disagree with Powell's interpretation that section 1738(b) permits a named insured to waive stacking only under a single policy. Rather, we believe that section 1738(b) establishes that an insured has the option to waive stacked coverage as delineated in section 1738(a), without differentiating between stacking coverage under a single policy or stacking coverage under multiple policies of insurance. Section 1738(b), put another way, sets forth that once an insured has waived his right to stack coverage in exchange for lower premiums, the amount of UIM coverage to which he is then entitled is determined *under the policy* pursuant to which he is bringing his claim. When section 1738(c) is read in light of sections 1738(a) and (b), we conclude that an insured may waive inter-policy as well as intra-policy stacking.

Further support for this conclusion can be found in the purpose behind enactment of the Act 6 Amendments to the MVFRL. While the Court agrees that the overall aim of the MVFRL is to afford the greatest amount of coverage to the injured claimant, the Act 6 Amendments to the MVFRL were enacted specifically "for the purpose of reducing the rising costs of insurance." *Pennsylvania Fi-*

nancial *Responsibility Assigned Claims Plan v. English,* 427 Pa.Super. 105, 109, 628 A.2d 847, 849 (1993). Although section 1738 requires that UM and UIM coverage be stacked, that section also allows an insured to reduce the costs of his insurance by electing to waive stacked coverage in exchange for a reduced premium. 75 Pa. Cons. Stat. § 1738(c). It would be contrary to the purpose behind Act 6 to hold that an insured may waive stacking and thereby reduce his insurance premiums only when multiple vehicles in his household are insured under the same policy, while denying that same insured the opportunity to lower his premiums simply because his vehicles happen to be insured under separate policies.

Moreover, accepting Powell's interpretation of section 1738 would lead to the following incongruous conclusion. Although Powell chose to waive stacking of UIM coverage under each of the policies, and although he paid lower premiums because he elected to waive stacked coverage (if State Farm's version of the facts are accepted as true), Powell's choice to waive stacked coverage was nonetheless meaningless because none of the three policies insured more than one vehicle so that there was no coverage to stack under any one policy. We simply do not believe that such a result could have been intended by the Pennsylvania General Assembly. We therefore find that the waiver of stacked coverage provision at 75 Pa.C.S.A. § 1738(c) allows waiver of stacking in the situation presented here, where more than one vehicle is insured under multiple policies of insurance issued by the same insurer.

■ Unfortunately, determining that section 1738(c) applies to inter-policy stacking does not resolve the motions pending before the Court. A Rule 12(c) motion for judgment on the pleadings "only has utility when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Inst. for Scientific Information,*

*Inc. v. Gordon & Breach Science Publishers, Inc.,* 931 F.2d 1002, 1005 (3d Cir.1991). Granting a 12(c) motion "results in a determination on the merits at an early stage in the litigation," and therefore the movant must clearly establish that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. *Id.* (citing *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 290–291 (3d Cir.1988)). The facts presented in the pleadings must be viewed in the light most favorable to the nonmoving party. *Id.* at 1004. Judgment on the pleadings may only be granted if no set of facts could be adduced to support the movant's claim for relief. *Id.* at 1005.[1]

As we noted earlier, both parties originally agreed that three policies of insurance were in effect on the date of the accident. Both parties had also agreed that Powell had executed a waiver to each of the three policies and that all three waivers were in effect on the date Powell was injured. Since the original Complaint was filed, however, the factual positions of the parties have changed. State Farm has amended its Complaint to assert that only two policies of insurance were in effect on the date of the accident, each of which has as part of the policy a non-stacking waiver in effect on the date of the accident. Powell, on the other hand, has amended his Answer and Counterclaim to assert that all three policies of insurance were in effect on the date of the accident but that only two of these three policies had non-stacking waivers also in effect on that date. In addition, the parties dispute whether Powell ever received consideration for executing the non-stacking waivers to the policies at issue, presumably in the form of lower premiums. These disputed issues of fact are material to resolution of this action. Judgment on the pleadings is therefore inappropriate and will accordingly be denied.[2]

---

1. We note that although Powell has provided materials outside the pleadings in support of his motion, we do not consider these extra-pleading materials in rendering our decision, and thus his motion will not be treated as one for summary judgment pursuant to Fed.R.Civ.Proc. 56. *See* Fed.R.Civ.Proc. 12(c).

2. Because we have determined that the pleadings now raise disputed issues of fact, we do not address at this time Powell's alternative argument that the language of non-stacking endorsement is ambiguous and so must be construed in Powell's favor. Powell may raise this issue again at a later stage of this proceeding.

542

*POWELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT.*

Also pending before the Court is Powell's Motion for Partial Summary Judgment, which is based upon State Farm's allegations in the original Complaint that three policies of insurance were in effect on the date of the accident. State Farm subsequently amended its Complaint and now asserts that only two insurance policies were in effect on the date Powell was injured, while Powell has amended his Answer to assert that all three policies of insurance were in effect but that only two of those three policies had stacking waivers in effect on the relevant date. Because State Farm has amended its Complaint and now alleges facts different from those that formed the basis of Powell's motion, we find that the Motion for Partial Summary Judgment is moot and will accordingly be denied.