584 A.2d 950

**John AZPELL, Appellant,**

v.

**OLD REPUBLIC INSURANCE COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Argued April 6, 1990.

Decided Jan. 9, 1991.

Jeffrey M. Azpell, for appellant.

Clifford A. Rieders, for amicus Pennsylvania Trial Lawyers Ass'n.

Robert Vesely, James C. Haggerty, Jacqueline Urevick, and Thomas Grimes, for amicus Pennsylvania Defense Institute.

David L. White, for appellee.

Louis E. Bricklin, for amicus Aetna Cas. & Sur. Co.

Howard M. Levinson and Mary Beth Connolly, for amicus Pennsylvania Nat. Mut. Cas. Ins. Co.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

ZAPPALA, Justice.

In this appeal we are asked to review the opinion and order of the Superior Court affirming the Court of Common Pleas of Delaware County which vacated the arbiter's award granting the appellant uninsured motorists benefits. Before us, the appellant raises two issues: (1) whether the trial court exceeded its scope of review in vacating the award and (2) if the trial court did not, whether the trial court erred in vacating the arbitration award granting uninsured motorists benefits under the Motor Vehicle Fi-

nancial Responsibility Law. 75 Pa.C.S. § 1701. Because we agree with appellant that the trial court exceeded its scope of review, we reverse.

The underlying facts are not in dispute. The appellant is a police officer for Darby Township. On October 5, 1986, while driving a vehicle owned by the Township and insured by the appellee, the appellant's vehicle was struck by an uninsured motorist. As the result of this collision, the appellant suffered personal injuries. At the time of the collision, the appellant was acting within the scope of his employment as a Darby Township Police Officer and therefore received both Workmen's Compensation and Heart and Lung Benefits. Since neither the appellant nor any member of his household owned a vehicle, the appellant filed a claim for uninsured motorists benefits with his employer's insurance carrier, Appellee. The appellee denied the claim resulting in the appellant requesting arbitration under the Township's insurance policy in accordance with the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. § 7301 et seq. The arbitration panel awarded $15,000.00 to appellant. Appellee then filed a Petition to Vacate the Award with the Court of Common Pleas, which was granted. Appellant filed an appeal with the Superior Court which affirmed 382 Pa.Super. 255, 555 A.2d 168. We then granted the appellant's Petition for Allowance of Appeal.

In vacating the arbitration award, the Court of Common Pleas failed to address the jurisdictional issue raised by Appellant in his Statement of Matters Complained of on Appeal but instead, relied solely upon *Lewis v. School District of Philadelphia*, 517 Pa. 461, 538 A.2d 862 (1988). In *Lewis*, we held that an employee could not recover uninsured motorists benefits under the then Uninsured Motorist Act from its employer when such injuries were suffered while acting in the course and scope of his employment. Instead, the exclusive remedy was the Workmen's Compensation Act because no intent to the contrary had been expressed by the legislature.

The Superior Court initially held that the arbitration award was reviewable by the trial court as a matter of public policy. It then held that *Lewis* controlled, resulting in appellant not being entitled to uninsured motorists benefits.

The appellee's insurance policy provides that any dispute as to entitlement to or extent of damages is to be arbitrated in accordance with the Pennsylvania Uniform Arbitration Act, supra. Section 7314 of the Act sets forth the authority of a court to vacate any award entered in accordance with the Act:

### 7314. Vacating award by court

**(a) General rule.—**

(1) On application of a party, the court shall vacate an award where:

(i) the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

In addition to the reasons set forth in § 7314, § 7314(a)(1)(i) authorizes the court to vacate an arbitration award for reasons permitted under common law arbitration. Under common law arbitration a court may not vacate an arbiters

award "unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award" 42 Pa.C.S. § 7341.

As indicated, the trial court failed to address this issue. Both the Superior Court and now the appellee rely upon Section 7314(a)(1)(i) as a basis for vacating the award. In so doing, the Superior Court has relied upon its own case, *United Services Automobile Association Appeal*, 227 Pa. Super. 508, 516, 323 A.2d 737, 741 (1974) which announced the following rule of law:

> Thus the rule, to which all the cases conform, is that where the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy or unconscionable.

In *Davis v. Government Employees Insurance Company*, 500 Pa. 84, 454 A.2d 973 (1982), this Court adopted the *United Services Automobile Association* rule regarding the authority to reject an uninsured motorist clause as against public policy. We stated:

> We must reject appellee's contention that the Court of Common Pleas lacked authority to review the merits of the arbitrators' award. Where, as here, a claimant challenges a provision of an uninsured motorist clause as being contrary to a statute, the Court of Common Pleas may exercise jurisdiction over the claim. *See United Services Automobile Association Appeal*, 227 Pa.Super. 508, 323 A.2d 737 (1978). 500 Pa. at 88, Note 5, 454 A.2d at 975, Note 5.

While we adhere to the *Davis* rule, we find it inapplicable in this appeal.

In *Davis*, we were asked to review a *clause* of the insurance policy which the insured claimed was contrary to the existing uninsured motorists coverage law (UML). We

then reviewed the UML and determined that the insurance clause was not contrary to any existing statute and affirmed the denial of uninsured motorists benefits. Our review was limited to a comparison and interpretation of an insurance contract provision with a particularly promulgated statute, as opposed to reviewing a monetary award.

In this instance, the Superior Court did not find any contract provision contrary to public policy but rather, held that the award itself was contrary to public policy. This result oriented analysis is exactly the type of review the legislature was attempting to avoid by promulgation of the Uniform Arbitration Act. In fact, under the previous 1927 Act, the trial court was authorized to vacate arbitration awards which were contrary to the law. However, this provision was omitted in the existing Act.

Appellee has not argued that any provision of its own drafted policy was contrary to any stated public policy, nor does our independent review discern any such provision. In fact, in its petition to vacate the award, appellee only argues that the arbiters committed errors of law. It is clear that Appellee is dissatisfied with the award, but in contractually incorporating the Uniform Arbitration Act and its limited scope of review, court intervention is restricted. Were we to adopt the view of the appellee and the Superior Court in this matter, not only would we be redrafting the insurance contract but also modifying the Act. This, we decline to do. Accordingly, the trial court erred in vacating the arbitration award.

Judgment reversed.[1]

NIX, C.J., concurred in the result.

---

1. Because of our disposition of this appeal, we need not address appellant's second issue. However, it is quite clear that *Selected Risks Insurance Co. v. Thompson,* 520 Pa. 130, 552 A.2d 1382 (1989) is controlling and that Appellant is entitled to uninsured motorists benefits under the Motor Vehicle Financial Responsibility Law.