## Boling v. Aetna Casualty and Surety Co.

*Dennis C. Harrington,* for plaintiffs.
*Louis B. Loughren,* for defendant.

WETTICK, *J.,* March 28, 1991—Aetna issued a policy of personal automobile insurance to James Boling. The schedule of automobiles attached to the policy lists two vehicles. The liability limits of the policy are $100,000. The underinsured motorist coverage is also subject to a limit of $100,000.

In November 1988, James Boling and his minor child, Ryan Boling, were injured in an automobile accident. They made a claim for benefits under the underinsured motorist provisions of the Aetna policy.

The claim was submitted to arbitration. A panel of arbitrators entered an award in plaintiffs' favor in the amount of $210,000. Aetna filed a petition to vacate or modify this award that is the subject of this opinion and order of court. The basis for the petition is that as a matter of law defendants are not entitled to underinsured motorist benefits in excess of $100,000 and, consequently, the arbitrators exceeded their powers in awarding an amount in excess of the liability limits of the Aetna policy.

I

We deny Aetna's petition to vacate or modify the arbitration award because the petition is not based on any ground that would permit a court to alter the award.

Aetna's petition to vacate or modify the arbitration award is based solely on its claim that the Pennsylvania Motor Vehicle Financial Responsibility Law (as written prior to the 1990 amendments) does not permit an insured to "stack" his underinsured motorist benefit coverage in excess of the limits of the third-party liability coverage set forth in the policy. This is nothing more than a claim that the arbitrators improperly construed the Pennsylvania Motor Vehicle Financial Responsibility Law. The law is settled that a court may not modify or vacate either a common-law arbitration award or an arbitration award entered pursuant to an agreement to arbitrate under the Pennsylvania Uniform Arbitration Act (42 Pa.C.S. §7301 et seq.) on the ground that the award is based upon an error of law. *Azpell v. Old Republic Insurance Company*, 526 Pa. 179, 584 A.2d 950 (1991); *Brennan v. General Accident Fire and Life Assurance Co.*, 524 Pa. 542, 574 A.2d

580 (1990); and *Chervenak, Keane & Co. v. Hotel Rittenhouse, Assoc.*, 328 Pa. Super. 357, 477 A.2d 482 (1984).

Aetna relies on case law permitting a court to set aside an arbitration award if the dispute that is the subject of the award is outside the scope of the arbitration clause or if the arbitrators exceeded their powers. However, this case law is inapplicable to this case. The arbitration provision in Aetna's policy provides for arbitration whenever Aetna and a covered person do not agree as to whether a person is legally entitled to recover damages and as to "the amount of payment that may be owed under this insurance." The only dispute covered in the arbitration award was the insured's claim for underinsurance benefits under Aetna's policy.

Aetna's argument that arbitrators exceed their power whenever an award is for a greater amount than is permitted by a legislative enactment was rejected by the Pennsylvania Supreme Court in *Azpell v. Old Republic Insurance Company, supra.*

## II

If we were to reach the merits of Aetna's claim that underinsured motorist insurance benefits may not be stacked under the Motor Vehicle Financial Responsibility Law to allow a recovery in excess of the liability limits, we would rule in plaintiffs' favor. This issue has not been addressed by our appellate courts. The case law in the federal and common pleas courts is divided.

The strongest arguments in favor of Aetna's position are set forth in *Chartan v. Chubb Corp.*, 725 F. Supp. 849 (E.D. Pa. 1989). The strongest arguments in favor of plaintiffs' position are set forth in *Byers v. Amerisure Insurance Co.*, 745 F. Supp.

1073 (E.D. Pa. 1990). Because the Pennsylvania appellate courts over the past two decades have consistently permitted the stacking of uninsured and underinsured motorists benefits and because there is no language within the Motor Vehicle Financial Responsibility Law excluding the stacking of under-insured coverage, I find the rationale in *Byers v. Amerisure Insurance Co.* to be more persuasive.

## ORDER

On this March 28, 1991, it is hereby ordered that defendant's petition to vacate or modify award is denied.