## Trapper v. Maryland Casualty Insurance Co.

*Michael J. McDonald,* for plaintiff.
*Lucille Marsh,* for defendant.

MUNLEY, *J.,* September 17, 1992—Before the court for disposition is plaintiff's petition to vacate, modify or correct the award of the arbitrators denying underinsurance benefits. On February 20, 1992, the arbitrators, in a two-one decision, entered an award in favor of defendant and against plaintiff. The arbitrators ruled that the policy language and decisional law prevent plaintiff from recovering underinsurance after recovering liability benefits under the same policy, and the dissenting arbitrator filed an opinion supporting an award of underinsurance.

The following is a brief procedural history of this case. On February 23, 1985, Robert Trapper Sr. was a passenger in his own vehicle being driven by his son, Robert Trapper Jr., when their vehicle collided in an intersection with a vehicle operated by Donna Day. Trapper Jr. was approximately 300 feet from the intersection before he noticed the stop sign and that another vehicle was approaching the intersection from his left. He decided that he was too close to the intersection to stop, so he increased his speed in an attempt to pass through the intersection before the other vehicle. Unfortunately, the two vehicles violently collided in the intersection.

Plaintiff made claim under the liability coverage of his own policy of insurance issued by Maryland Casualty which insured three vehicles. Maryland Casualty tendered its liability limits of $35,000. Additionally, plaintiff recovered $25,000 in liability limits of the insurance policy

issued by State Farm Insurance Co. to Donna Day. He now makes claim for underinsurance motorist coverage in the amount of $105,000 from his own policy issued by Maryland Casualty.

Plaintiff first filed an action for declaratory judgment. He subsequently filed a petition to compel arbitration and by order of this court, the case was referred to an arbitration panel for disposition. The arbitrators entered an award and plaintiff filed this petition to vacate, modify or correct the award on March 3, 1992.

Initially, defendant argues that this court does not have jurisdiction to vacate, modify or correct the arbitrator's award. We disagree, and find plaintiff's appeal, in light of the courts limited scope of judicial review, is properly before us. The arbitration proceeding was held pursuant to the Pennsylvania Uniform Arbitration Act, as per the terms of the Maryland policy, and jurisdiction for modification of an arbitrator's award, pursuant to the Uniform Arbitration Act, is controlled by 42 Pa.C.S. §7301-7320. The scope of appellate review, as set forth by the statute proscribes that all underinsured issues, including coverage, fault and damages are submitted to arbitration *unless* the insured challenges a provision in the policy as being contrary to the legislative intent or against public policy. *Azpell v. Old Republic Insurance Co.,* 526 Pa. 170, 584 A.2d 950 (1991); *Sands v. Andino,* 404 Pa. Super. 238, 590 A.2d 761 (1991).

In the instant case, plaintiff has challenged specific contract provisions as being contrary to legislative intent and against public policy. Specifically, plaintiff asserts that the two components of the underinsured definition section of his insurance policy are violative of public policy. Plaintiff argues that the operation of the underinsured motor vehicle clause as applied by Maryland Casualty, excludes the Day vehicle as an underinsured motor

vehicle. Thus, the operation of this clause excludes a class of plaintiffs in joint tortfeasor two-car accidents who have paid for coverage and who have no control over the choice or type of coverage for a second non-occupied, non-owned vehicle. Plaintiff posits that the public policy violated is that contained in the MVFRL, regarding recovery of underinsurance benefits where there are two vehicles and two separate policies of insurance.

It is perfectly clear to any court that a plaintiff involved in a two-car accident is entitled to collect third-party liability benefits from the tortfeasor and then pursue underinsurance coverage under his own policy, however, in the matter sub judice, plaintiff has complicated his position by collecting tortfeasor liability benefits from his own policy as well as from the Day vehicle. It is for this court to determine whether the plaintiff can now recover underinsurance benefits from his own policy when he has already collected liability benefits from the same policy.

Plaintiff posits that Pennsylvania case law has not had the opportunity to address the precise fact scenario before the court. In cases of first impression, public policy consideration becomes most evident, however, a judge's function, in all cases, is not to make law, but to apply the law already made. Our examination of the law in this area indicates that the public policy behind the underinsurance provisions of the MVFRL is *not* violated by the policy exclusion. Therefore, despite plaintiff's characterization of this case as one of first impression, precedent has already spoken on this question.

The policy exclusion at issue here excludes motor vehicles under the liability coverage of the policy from being considered as an underinsured vehicle. The Superior Court, in addressing the challenge that a policy exclusion violates the public policy behind the underinsurance pro-

visions of the MVFRL, has consistently held that a passenger injured in a motor vehicle, who recovers the liability limits of the driver's policy, cannot receive underinsurance benefits under that *same* policy. *Kelly v. Nationwide Insurance Co.,* 414 Pa. Super. 6, 606 A.2d 470 (1992); *Marroqium v. Mutual Benefit Insurance Co.,* 404 Pa. Super. 444, 591 A.2d 290 (1991); *Sturkie v. Erie,* 407 Pa. Super. 117, 595 A.2d 152 (1991); *Caldararo v. Keystone Insurance Co.,* 393 Pa. Super. 103, 573 A.2d 1108 (1990), *alloc. den.,* 525 Pa. 640, 581 A.2d 567 (1990); *Newkirk v. U.S. Automobile Assoc.,* 388 Pa. Super. 54, 564 A.2d 1263 (1989), *alloc. den.,* 520 Pa. 589, 597 A.2d 1153 (1990); *Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa. Super. 51, 535 A.2d 1145 (1988) (en banc), *alloc. den.,* 520 Pa. 590, 551 A.2d 216 (1988).

Nevertheless, this court agrees with plaintiff that the exclusion in the underinsurance motorist claim does create a unique category of claimants. An accident victim is precluded from recovering any underinsured motorist benefits where the insurer provides only one policy for the household, thus, extinguishing underinsured motorist coverage for victims of accidents, regardless of the severity of the injuries, wherein a family member is the responsible driver. The elimination of underinsured motorist benefits in this situation results in the insured paying for benefits that cannot be recovered. Clearly this cannot be the intent of the Financial Responsibility Law.

Further, the requirement that an insured must exhaust liability limits on the tortfeasor's policy before pursuing underinsurance benefits places plaintiff in a "Catch 22" position. In compliance with this requirement, plaintiff has exhausted the liability limits of the tortfeasor's policies. Now, plaintiff is precluded, by the exclusionary clause in his policy, from pursuing a claim for underinsurance. This court cannot adopt the prejudicial position

of plaintiffs as a result of the Superior Court decisions, infra.; to adhere to this position would require us to improperly abridge a substantive right of an insured. Therefore, we are compelled to agree with plaintiff's arguments and sustain plaintiff's petition to vacate the arbitrator's decision. Accordingly, we will issue an appropriate order consistent with this opinion.

### ORDER

And now, September 17, 1992, plaintiff's motion to vacate the award of the arbitrator's denying underinsurance is hereby sustained.