621 A.2d 656

**ERIE INSURANCE EXCHANGE, Appellee,**

v.

**Darrin R. DANIELSON, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1992.

Filed March 1, 1993.

526

Bernard J. Hessley, Warren, for appellant.

Craig R.F. Murphey, Erie, for appellee.

Before ROWLEY, President Judge, and DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

Appellant, Darrin R. Danielson, appeals from the trial court order granting a motion for judgment on the pleadings filed by Appellee, Erie Insurance Exchange ("Erie"), in an action for declaratory judgment. We are asked to decide whether a plaintiff seeking to recover damages sustained by him in an automobile accident involving an uninsured motor vehicle and an underinsured motor vehicle, in which he was a passenger, can recover both uninsured and underinsured benefits under a single automobile insurance policy. Based upon statutory law, as well as the language of the policy in the instant case, we determine that such recovery is not permitted and we affirm the order of the trial court.

The facts are undisputed. Appellant was injured on May 3, 1987, as a passenger in a motor vehicle operated by Brian M. Petruney. The Petruney vehicle was involved in an accident with an uninsured vehicle operated by Doreen Flick. Petruney was covered by an automobile insurance policy providing bodily injury liability limits of $15,000 per person/$30,000 per accident. Appellant was insured by a policy issued to his mother ("Mrs. Danielson") by Erie, which contained uninsured/underinsured motorists coverage benefits of $100,000 per person/$300,000 per accident. The entirety of Petruney's $30,000 of liability insurance was paid to various persons injured in the accident, including Appellant, who received $12,000. Appellant then demanded payment from Erie in the amount of $100,000 in uninsured motorist benefits and $100,-

000 in underinsured motorist benefits from the uninsured/underinsured coverage of the policy issued to Mrs. Danielson by Erie.

On January 7, 1991, Erie filed a Complaint for Declaratory Judgment, seeking a declaration that Appellant was not entitled to recover more than the $100,000 policy limit of the uninsured/underinsured coverage of Mrs. Danielson's policy, regardless of the presence of both an uninsured and an underinsured driver in the accident. Appellant filed preliminary objections to Erie's complaint, alleging that the trial court did not have jurisdiction over the issues raised in the complaint, because of an arbitration clause in Erie's policy which required submission of the issues to arbitrators. The trial court denied Appellant's preliminary objections, and after the pleadings were completed, Erie moved for judgment on the pleadings. The trial court granted Erie's motion, and this appeal followed.

Appellant first challenges the jurisdiction of the trial court, alleging that it lacked jurisdiction to enter judgment on the pleadings when the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") provides for arbitration where the insurance policy provides that disagreements over the legal right to recover damages or the amount of damages will be settled by arbitration.[1]

Generally, a case turning on the application or construction of an uninsured motorist clause is within the exclusive jurisdiction of the arbitration system. *Daley–Sand v. West American Insurance Company*, 387 Pa.Super. 630, 564 A.2d 965 (1989). However, when the issue is whether a particular provision of the insurance contract is contrary to a constitutional, legislative or administrative mandate, the courts properly exercise their jurisdiction over the entire matter. *Id.* Here, Appellant cites *Wogelmuth v. Harleysville Mutual Insurance Company*, 370 Pa.Super. 51, 535 A.2d 1145 (1988) for the proposition that the MVFRL is to be liberally

---

1. The relevant portion of the Erie policy provides that "[d]isagreement over the legal right to recover damages or the amount of damages will be settled by arbitration."

construed to afford the greatest possible coverage to injured claimants. Appellant argues that because recovery of uninsured motorist benefits is authorized by the Pennsylvania Uninsured Motorist Coverage Law of 1971, and because recovery of underinsured motorists benefits is mandated by the MVFRL, he is entitled to both benefits under the same policy. Thus, Appellant in essence is stating that Erie's policy provision which prohibits such recovery is contrary to statutory provisions entitling him to this recovery. In *Azpell v. Old Republic Insurance Company,* 526 Pa. 179, 584 A.2d 950 (1991), the Supreme Court of Pennsylvania stated:

> Where, as here, a claimant challenges a provision of an uninsured motorist clause as being contrary to a statute, the Court of Common Pleas may exercise jurisdiction over the claim. *See United Services Automobile Association Appeal,* 227 Pa.Super. 508, 323 A.2d 737 (1974). [*Davis v. Government Employees Ins. Co.,*] 500 Pa. [84] at 88, Note 5, 454 A.2d [973] at 975, Note 5 (1982).

Therefore, because Appellant is challenging a provision of the Erie policy as being contrary to the recovery to which he alleges entitlement by statute, the trial court's exercise of jurisdiction was appropriate and proper.

■ Appellant's main contention is that because the accident in which he was injured involved *two* vehicles, one of which was uninsured and one of which was underinsured, he is entitled to recover both uninsured and underinsured benefits under the single policy issued to his mother by Erie. Appellant claims that the instant case is a "two vehicle Wogelmuth" situation, referring to this court's decision in *Wogelmuth v. Harleysville Mutual Insurance Company,* 370 Pa.Super. 51, 535 A.2d 1145 (1988). In *Wogelmuth,* we held that a policy provision preventing a passenger who was in a one-car accident who had recovered the liability limits of the driver's insurance policy from also recovering the underinsured motorist coverage of the same policy is not against public policy and is therefore enforceable. Appellants argues that according to *Wogelmuth,* the decisive factor barring recovery of both uninsured and underinsured benefits was the fact that only one

vehicle was involved in the accident. Therefore, Appellant reasons, because an additional vehicle was involved in the accident in which he was injured, he is entitled to both uninsured and underinsured benefits.

Appellant overlooks, however, the distinguishing facts in the instant case: first, that he is attempting to recover both types of benefits when he was involved in a *single* accident, and second, that he is attempting to do so under a *single* policy. The fact that there were two tortfeasors involved in the instant case does not warrant a different result. Both the MVFRL and the terms of the Erie policy clearly prohibit the type of recovery sought by Appellant.

The Pennsylvania Motor Vehicle Financial Responsibility Law at the time of the accident provided:

> (d) Limitation on Recovery. A person who recovers damages under uninsured motorist's coverage or coverages cannot recover damages under underinsured motorist's coverage or coverages for the *same accident.* (Emphasis added)

75 Pa.C.S.A. § 1731.

The provisions of the Danielson policy issued by Erie in the instant case also provide:

Reductions

> A person who recovers damages under uninsured motorist's coverage or coverages cannot recover damages under underinsured motorist's coverage or coverages for the *same accident.* (Emphasis added)

■ Where the language of an insurance contract is clear and unambiguous, a court is required to give effect to that language. *Standard Venetian Blind C. v. American Empire Insurance Company,* 503 Pa. 300, 469 A.2d 563 (1983). A court may not "rewrite" an insurance contract, or construe clear and unambiguous language to mean other than what it says. *Guardian Life Insurance Company v. Zerance,* 505 Pa. 345, 479 A.2d 949 (1984). Such a provision may only be avoided if it violates public policy. *Tallman v. Aetna Casualty and Surety Company,* 372 Pa.Super. 593, 539 A.2d 1354 (1988).

Because both the MVFRL and the policy issued by Erie specifically prohibit recovery of both underinsured and uninsured benefits for the same accident, the trial court was correct in its denial of the recovery requested by Appellant.

Judgment affirmed.