## Goodrich v. Erie Insurance Co.

C.P. of Bucks County, no. 94-5087-05-2.

GARB, *J.,* December 11, 1995—Plaintiff sustained personal injuries in an automobile accident occurring on December 1, 1991. Plaintiff settled her claim with

the third party tort-feasor for the limits of his liability insurance coverage of $25,000.

At the time of that accident, plaintiff was operating a motor vehicle owned by one John Toscano Sr., which was insured by defendant, Horace Mann Insurance Company. At that time, plaintiff resided with her father, Edward C. Goodrich. Her father owned two motor vehicles insured by Erie Insurance Company. Plaintiff made claim on each of the defendant insurance companies for underinsured benefits. Those claims were denied. Thereupon, plaintiff filed petitions to secure orders of court submitting these claims to compulsory arbitration. Each of the defendants have filed cross claims seeking summary judgments.

Each of the defendants seeks summary judgment asserting that underinsured motorist coverage in each policy was waived by the insured. Section 1731 of the Motor Vehicle Financial Responsibility Act, 75 Pa.C.S. §1731 provides that motor vehicle liability insurance companies shall offer the policies including uninsured and underinsured motorist coverage. That section likewise provides that purchase of uninsured motorist and underinsured motorist coverages is optional. Subsection (b) of that section provides that the named insured shall be informed that he may reject uninsured and underinsured motorist protection and sets forth a specific rejection of benefits form. With respect to defendant, Horace Mann Insurance Company, such a rejection has been signed by the insured, and that rejection form, as executed, has been made part of this record. Based upon that, summary judgment will be entered for defendant, Horace Mann Insurance Company.

With respect to defendant, Erie Insurance Company, a similar form allegedly executed by Edward C. Goodrich, the insured, has been produced and made part of the record. However, it is the allegation of the plaintiff, supported by an affidavit of Edward C. Goodrich, that he did not execute such a waiver and that the signature appearing on the produced waiver is a forgery. This, of course, creates an issue of fact which prevents us from entering summary judgment in favor of Erie Insurance Company.

A case turning on the application or construction of an uninsured (likewise underinsured) motorist clause is within the exclusive jurisdiction of the arbitration system. *Erie Insurance Exchange v. Danielson,* 423 Pa. Super. 524, 621 A.2d 656 (1993), and *Daley-Sand v. West American Insurance Company,* 387 Pa. Super. 630, 564 A.2d 965 (1989). Therefore, with respect to defendant, Erie Insurance Company, that matter must be submitted to arbitration for resolution of the question of whether the underinsured motorist coverages have been waived.

## ORDER

And now, to wit, December 11, 1995, it is hereby ordered that summary judgment is granted in favor of defendant, Horace Mann Insurance Company.

It is further ordered that the motion for summary judgment of defendant, Erie Insurance Company, is denied. The claim against defendant, Erie Insurance Company, shall be submitted to arbitration to determine whether underinsured motorist coverages have been waived. If they have not, then all other matters pertaining to this claim shall be decided by the arbitration process.