## Housman v. State Farm Mutual Automobile Insurance Co.

C.P. of York County, no. 96-SU-03366-01.

*William C. Adrian Boyle,* for plaintiff.
*Rolf E. Kroll,* for defendant.

KENNEDY, *J.,* January 23, 1997—This matter is before the court on State Farm's petition to modify and/or vacate award of arbitrators. For the reasons set forth below, we deny State Farm's petition.

## FACTUAL AND PROCEDURAL HISTORY

This case originates from a claim by Marci and Henry Housman, husband and wife, for monetary compensation under the uninsured motor vehicle coverage provisions of their automobile insurance policy with State Farm. The Housmans first applied to State Farm for automobile insurance in Pennsylvania on September 16, 1992. They received timely notices and premium comparisons regarding their ability to chose a limited-tort or full-tort option as required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1791.1 (1996). The Housmans did not receive any notice or premium comparison required under 75 Pa.C.S. §1705. During the application process, Henry Housman signed a State Farm "tort options" form, selecting the limited-tort option.

Subsequent to issuance of the policy, Marci Housman sustained bodily injuries when her vehicle was struck by another vehicle being driven by an uninsured motorist. The Housmans made a claim for compensation, including compensation for noneconomic injuries. Based upon the selection of the limited-tort option and the non-serious nature of her injuries, State Farm denied Marci Housman's claim for uninsured motor vehicle coverage to the extent that the claim covered noneconomic damages. The subject policy provides that if such a claim cannot be resolved by agreement of the parties, then the matter shall be submitted to arbitration in accord with the Pennsylvania Uniform Arbitration Act. As the parties were apparently unable to resolve

the matter, the case was presented to an arbitration board on July 1, 1996. The Arbitration Board entered a unanimous award in favor of Marci Housman and set forth the basis of its award in a letter dated July 5, 1996.[1]

In its petition, State Farm argues that this court has jurisdiction to review the board's award and should vacate that part of the board's award negating the Housmans' limited-tort status based upon the board's decision to strike down the efficacy of State Farm's section 1791.1 notice as contrary to a legislative or administrative mandate or otherwise against public policy. In its letter opinion and award, the board found that State Farm's section 1791 notice was not in accord with statutory requirements and relied on *Pestcoe v. Nisenzone,* 30 Phila. 194 (1995) and *Nelson v. Broadhead,* 79 Erie 58 (1996). In those cases, the courts held, one as a matter of public policy and the other as a matter of statutory interpretation, that insurers are required, after July 1, 1990—the effective date of

---

1. Arbitration Board, consisting of L. Himes, R. Stewart, and J. Elliot, awarded the Housmans $19,250; $35,000 after reduction for Marci Housman's comparative negligence. In relevant part, the Arbitration Board's letter provided as follows:

"3. *Limited Tort Notices.* The Board of Arbitrators found that the State Farm forms and notices regarding the availability of limited tort options and cost comparisons did not meet the standards required by the statute and the case law. Specifically, the board relied on the following cases: *Pestcoe v. Nisenzone,* 30 Phila. 194 (1995); *Nelson v. Broadhead,* 79 Erie 58 (1996)

"4. *UM-UIM Notices.* The board found that the 1791 notice utilized by State Farm did not comply with the statute. Therefore, the 'sign down' form executed by the claimant was ineffective and, as a result thereof, UM-UIM coverage equals the third party liability coverage regarding the policy." Board of Arbitration letter in the matter of *Housman v. State Farm* dated July 5, 1996.

PMVFRL, to provide their new customers with *notice* of their tort options under section 1791.1(b) at the time of application and notice of their tort options and cost comparison of the different options under section 1705(a) prior to the first issuance of a policy.

## ANALYSIS

Generally stated, the essential question before the court is whether an arbitration award may be vacated under the particular facts of this case.[2] Specifically, two issues are presented by State Farm's petition: whether a notice under section 1791.1 constitutes a clause or provision of an insurance policy and, if so,

---

2. State Farm's petition is modeled as a petition to modify and/or vacate an arbitration award. However, the petitioner has confined its jurisdictional arguments to the issue of whether this court has jurisdiction to vacate the arbitration award and has not specifically addressed whether this court has jurisdiction to modify the arbitration award. The statutory jurisdiction of a court to modify or correct an arbitration award is governed by 42 Pa.C.S. §7315. A court may only modify or correct an arbitration award where the following exist or occur:

"—there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

"—the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

"—the award is deficient in a matter of form, not affecting the merits of the controversy." Section 7315(a).

The grounds to modify an arbitration award under section 7315 are not nearly as broad as the grounds to vacate an arbitration award under section 7314. Therefore, while this court's jurisdiction to vacate the arbitration award is arguable under the broad language of section 7314, it is readily apparent that this court's jurisdiction to modify the arbitration award is not even arguable under the narrowly tailored language of section 7315.

whether the board's decision to negate the efficacy of State Farm's section 1791.1 notice was made as a matter of law or public policy. If a section 1791.1 notice does not constitute a clause or provision of an insurance policy, then this court does not have jurisdiction to vacate the board's award. Alternatively, even providing that a section 1791.1 notice does constitute a clause or provision of an insurance policy, this court does not have jurisdiction to vacate the board's award if the board's decision was made as a matter of law and not as contrary to public policy or a legislative or administrative mandate.

The statutory jurisdiction of a court to vacate an arbitration award is governed by 42 Pa.C.S. §7314 (1996). A court may only vacate an arbitration award where the following exist or occur:

"—there is evident partiality, corruption, or misconduct in any of the arbitrators which prejudices the rights of any party;

"—the arbitrators exceeded their powers;

"—the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the procedural provisions of the Act relating to hearing before arbitrators, as to prejudice substantially the rights of a party;

"—there is no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in court proceedings to compel or stay arbitration in accord with the Act and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing; or

"—it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other

irregularity caused the rendition of an unjust, inequitable or unconscionable award." Sections 7314(a), 7341.

The courts have examined the circumstances upon which an irregularity causing the rendition of an unjust, inequitable or unconscionable award will permit a court to vacate an arbitration award and concluded that where an arbitration board finds a clause or provision of an insurance policy to be contrary to a constitutional, legislative, or administrative mandate, or against public policy or unconscionable, the arbitration board's decision may be vacated. *Hall v. Amica Mutual Insurance Co.,* 538 Pa. 337, 342, 648 A.2d 755, 757 (1994); *Azpell v. Old Republic Insurance Co.,* 526 Pa. 179, 183, 584 A.2d 950, 952 (1991); *Kelly v. State Farm Insurance Co.,* 447 Pa. Super. 214, 218, 668 A.2d 1154, 1156 (1995); *Schultz v. Aetna Casualty and Surety Co.,* 443 Pa. Super. 659, 663, 663 A.2d 166, 168 (1995).

In each case where this rule has been applied, the courts have identified a clause or provision of an insurance policy to be at issue. Such clauses have included a territorial limitations clause, *Hall, supra* at 337, 648 A.2d at 755, an outdated uninsured motorist provision, *Davis v. Government Employees Insurance Co.,* 500 Pa. 84, 454 A.2d 973 (1982), and a clause requiring exhaustion of third-party benefits, *Kelly, supra.* This rule has been found to be inapplicable where an insurance endorsement contains a more restrictive definition of "underinsured motor vehicle" than the statute, *Patterson v. Nationwide Insurance Co.,* no. 93-1033,1993 U.S. Dist. LEXIS 14055 (E.D. Pa. Sept. 29, 1993), and where an insurance company does not require that an applicant read all applicable insurance forms, including the reverse side of a two-sided sheet, prior to signing, *Schultz, supra.*

In this instance, State Farm urges this court to accept that a section 1791.1 policy form, providing notice of

an applicant's option to elect full- or limited-tort, is a clause or provision of an insurance policy. However, a notice form designed to make an applicant aware of the different policy provisions that may be selected and to record an applicant's acknowledgment that such options have been brought to his or her attention by the insurer is simply not a clause or provision of an insurance policy. A section1791.1 notice is much more akin to the notice practices in *Schultz* which the Superior Court rejected as a basis for exercising jurisdiction to review an arbitration award. Thus, the rule providing jurisdiction to vacate an arbitration award where an arbitration board finds a clause or provision of an insurance policy to be contrary to a constitutional, legislative, or administrative mandate, or against public policy or unconscionable, is not applicable in this case.

Alternatively, even if a section 1791.1 notice does constitute a clause or provision of an insurance policy, State Farm has not established that the board rejected the Department of Insurance's statutory interpretation as contrary to a legislative or administrative mandate or otherwise against public policy. Although the board does state its reliance on two cases wherein other courts of common pleas have rejected the Department of Insurance's statutory interpretation on public policy grounds, at least arguably, the board also provided its own statutory interpretation as a basis for its decision. As such, it is less than clear that the board's decision amounts to anything more than an error of law. While State Farm may be particularly unhappy with the board's decision in light of *Donnelly v. Bauer,* 453 Pa. Super. 396, 683 A.2d 1242 (1996) wherein the Superior Court upheld the Department of Insurance's interpretation of the statute, an arbitration board's error of law is not a sufficient basis for judicial review of an arbitration award under 42 Pa.C.S. §7314.

## CONCLUSION

As the petitioner has failed to establish a jurisdictional basis for review of the arbitration award, we enter the following order:

We hereby deny State Farm's petition to modify and/or vacate award of arbitrators, affirm the award of the Arbitration Board, and direct that judgment be entered upon the award of the Arbitration Board.

## ORDER

And now, to wit, January 23, 1997, we hereby deny State Farm's petition to modify and/or vacate award of arbitrators, affirm the award of the Arbitration Board, and direct that judgment be entered upon the award of the Arbitration Board.

