

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2005

# Hartford Ins Midwest v. Green

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1929

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hartford Ins Midwest v. Green" (2005). *2005 Decisions*. Paper 1012.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1012

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1929

THE HARTFORD INSURANCE
COMPANY OF THE MIDWEST

v.

LAVERNE GREEN,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-03368)
District Judge:  Honorable Eduardo C. Robreno

Argued May 24, 2005

Before:  SCIRICA, Chief Judge, ALITO and RENDELL, Circuit Judges.

(Filed June 15, 2005)

Arthur J. Seidner    **[ARGUED]**
3 Neshaminy Interplex, Suite 301
Trevose, PA  19053
  *Counsel for Appellant*

Dianne S. Wainwright    **[ARGUED]**
Levicoff, Silko & Deemer
650 Smithfield Street
Centre City Tower, Suite 1900
Pittsburgh, PA  15222
  *Counsel for Appellee*

David C. Harrison
Law Offices of David C. Harrison
1800 JFK Boulevard, Suite 500
Philadelphia, PA 19103
  *Counsel for Amicus-Appellant*
  *PA Trial Lawyers*

James C. Haggerty
Swartz Campbell
1601 Market Street, 34th Floor
Philadelphia, PA 19103
  *Counsel for Amicus-appellee*
  *PA Defense Inst*

---

OPINION OF THE COURT

---

RENDELL, Circuit Judge.

This case calls upon us to decide whether the District Court had jurisdiction to review an arbitration award made pursuant to the Pennsylvania Uniform Arbitration Act, 42 Pa. Cons. Stat. §§ 7301-7320 (1998), where an insured contended that the conduct of the insurance company violated either public policy or a statute. We hold that it did not.

I.  Factual and Procedural Background

Appellant, Laverne Green, was involved in a motor vehicle accident with an uninsured motorist ("UM") in which Green sustained serious injuries. Her insurance company, Hartford Insurance Midwest, paid Green $15,000 pursuant to the UM coverage under a policy issued originally to her husband under which she was a covered driver.

2

Green urged that she should be entitled to an additional $85,000 in UM coverage, so as to equal her liability limits of $100,000 because Hartford failed to give her the opportunity to choose the limits of her UM insurance coverage when she became divorced and requested a new policy. Such a choice is required to be given to all new named insureds by § 1734 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"). The insurance policy provided that UM disputes were to be governed by the Pennsylvania Uniform Arbitration Act of 1980, and the matter eventually was arbitrated. The arbitrators ruled that the policy should be reformed and UM coverage should be $100,000; therefore, they awarded Green $85,000 - the difference between what she contends her coverage should have been ($100,000) and the amount she actually received from Hartford ($15,000).

Hartford then filed suit in District Court seeking to have the arbitrators' award vacated. The District Court granted Hartford's Motion for Summary Judgment and vacated the arbitration award. Green now appeals, contending that the District Court had no jurisdiction to review the arbitration award because she was not contending that a provision of the insurance policy violated either public policy or a statute, but was rather complaining of Hartford's conduct in failing to provide her with notice of her ability to elect UM benefits equal to the amount of her bodily injury liability coverage and its

3

failure to obtain a written request from Green for lower UM limits.[1]   We will reverse the decision of the District Court.


## II.  Jurisdiction and Standard of Review

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 to review the District Court's grant of summary judgment.  Our review of a district court's grant of summary judgment is plenary.  Mushalla v. Teamsters Local No. 863 Pension Fund, 300 F.3d 391, 395 (3d Cir. 2002).


## III.  Discussion

The arbitration award in this case is governed by The Pennsylvania Uniform Arbitration Act, 42 Pa. Cons. Stat. §§ 7301-7320 (1998).  Under this Act, court review of an arbitration award is generally proscribed, but the Pennsylvania Supreme Court has announced a limited exception to that rule: "where... a claimant challenges a provision of an uninsured motorist clause as being contrary to statute, the [court] may exercise jurisdiction over the claim" and review the merits of the arbitration award.  Azpell v. Old

---

[1] Green also argues that, if we decide we have jurisdiction, her situation is different from that presented in Nationwide Mutual Ins. Co. v. Buffetta, 230 F.3d 634 (3d Cir. 1992), where the new named insured was found not to have a right to have elected different UM coverage than that which had been chosen by her ex-husband under the insurance policy which governed both of them when they were married and lived in the same household.  Because we conclude we lack jurisdiction, we do not reach this issue.

Republic Ins. Co., 584 A.2d 950, 952 (Pa. 1991). In its opinion in this case, the District

Court misinterpreted Azpell to stand for the proposition that:

> [T]he court may review an arbitration decision in two ways that are
>
> implicated here: (1) where it is challenged that the policy provision at issue
>
> violates public policy or (2) where it is challenged, as in this case, that the
>
> insurer (i.e., Hartford) has failed to comply with the provisions of a statute
>
> (i.e., the notice and written waiver provisions of the MVFRL).

The addition of this second prong is simply incorrect and no Pennsylvania state

court cases dealing with this subject stand for such a proposition. Instead, all of the cases

dealing with this topic have held, similarly to Azpell, that "where the application or

construction of the [insurance] clause is at issue the dispute is within the exclusive

jurisdiction of the arbitrators, the courts will take jurisdiction only where the claimant

attacks a particular provision of the clause itself as being contrary to a constitutional,

legislative, or administrative mandate, or against public policy or unconscionable." Webb

v. United Services Auto Assoc., 323 A.2d 737, 741 (Pa. Super. Ct. 1974). This rule was

then adopted by the Pennsylvania Supreme Court in Davis v. Government Employees

Insurance Company, 454 A.2d 973, 975 n.5 (Pa. 1982) (holding that "[w]here, as here, a

claimant challenges a provision of an uninsured motorist clause as being contrary to a

statute, the [court] may exercise jurisdiction over the claim"), and has been consistently

5

repeated as the law in Pennsylvania. See Hall v. Amica Mutual Insurance Co., 648 A.2d 755, 757-58 (Pa. 1994) (holding that an arbitration decision invalidating the territorial limitation provision of an insurance policy as contrary to public policy is reviewable by the courts); Schultz v. The Aetna Casualty and Surety Co., 663 A.2d 166 (Pa. Super. Ct. 1995) (holding that an arbitration award involving an Appellant's challenge to the failure of the insurance company to ensure that he had read and understood a signed waiver and to attach the waiver to the insurance policy as contrary to public policy is not reviewable by the courts because there is no challenge to a provision or term of the policy); Nealy v. State Farm Mutual Automobile Insurance Co., 695 A.2d 790 (Pa. Super. Ct. 1997) (holding that an arbitration award based on the contention that unappended waiver forms are unenforceable as against public policy is not reviewable by the courts because it is not based on an allegation that a specific provision in an insurance policy contravenes public policy).

Hartford argues that Green's claim is essentially that the provision of the $15,000 UM coverage, absent her ability to elect, violates public policy. However, Green is not asserting that this clause, in and of itself, violates public policy, but, rather, that the failure to obtain her election was improper. Indeed, Green could have opted for only $15,000 and that choice would not be objectionable on public policy grounds. Therefore, we hold that the District Court in this case did not have jurisdiction to review the arbitration

6

award.[2]  We will reverse the order of the District Court granting Hartford's Motion for

Summary Judgment and remand the case for further proceedings consistent with this

opinion.

---

[2] Hartford argues on appeal that Green waived her right to contest the conduct of the District Court because she did not frame her argument in these terms below.  However, after reviewing the record, we are satisfied that Green adequately placed the issue before the District Court and that the District Court, as quoted supra at 5, understood that Hartford's conduct was at issue.